UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT M.,

           Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

CASE NO. 2:23-CV-962-DWC

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of his application for supplemental security income (SSI) benefits and disability insurance benefits (DIB). Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. *See also* Dkt. 2. After considering the record, the Court concludes that this matter must be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this order.

## I. BACKGROUD

Plaintiff filed applications for SSI and DIB on March 13, 2020. Administrative Record (AR) 16, 80–81. He alleged disability beginning on March 1, 2016. *Id.* After his applications were denied initially and upon reconsideration (*see* AR 127–45), he filed a written request for a hearing (AR 148–50). On June 29, 2022, an Administrative Law Judge (ALJ) held a hearing at which Plaintiff was represented and testified telephonically. AR 46–79. On June 29, 2022, the ALJ issued a written decision finding Plaintiff not disabled. AR 13–45. The Appeals Counsel declined Plaintiff's timely request for review making the ALJ's decision the final agency action in this matter. AR 1–7. Plaintiff filed a Complaint in this Court on July 5, 2023. Dkt. 5.

## II. STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III. DISCUSSION

Plaintiff argues that the ALJ erred in assessing his subjective symptom testimony; in assessing the medical opinions of Beth Fitterer, Ph.D., Matthew Comrie, Psy.D., and Dennis Haack, M.D.; and in finding that there were positions he could perform which existed in significant numbers in the national economy. *See generally* Dkt. 9. Plaintiff requests that the Court remand for further proceedings. *Id.* at 1. The Court begins by addressing the ALJ's assessment of Plaintiff's subjective symptom testimony.

Plaintiff testified that he has had persistent, recurring back pain since 2007 or 2008, which has increased in frequency. AR 58. He testified that he has flares of back pain once a

month that last several days and which prohibit him from standing fully upright or leaving bed. AR 58. He testified that he could not care for himself, could only sit for 20 to 30 minutes at a time, and could only stand for 5 to 10 minutes at a time. AR 62, 67–70.

The ALJ found Plaintiff produced objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce the alleged symptoms. *See* AR 24. Under these circumstances, "the ALJ can reject a claimant's testimony about the severity of [his] symptoms only by offering specific, clear, and convincing reasons for doing so," unless there is affirmative evidence of malingering.[1] *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (citations and internal quotations omitted). The ALJ has a duty to set forth his reasoning "in a way that allows for meaningful review," *Brown-Hunter*, 806 F.3d at 492, and this requires building an "accurate and logical bridge from the evidence to [the ALJ's] conclusions," *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003).

Defendant argues the ALJ met this burden because he gave the following reasons for discounting Plaintiff's testimony: (1) Plaintiff's testimony was inconsistent with objective medical evidence; (2) medication effectively resolved Plaintiff's pain; and (3) Plaintiff's testimony was inconsistent with his activities of daily living. *See* Dkt. 15 at 12–15.

However, the first two of these reasons were not proffered by the ALJ as reasons for discounting Plaintiff's testimony. The ALJ did summarize much of the medical evidence. *See* AR 24–29. The ALJ then said: "As for the claimant's statements about the intensity, persistence,

---

[1] The ALJ noted, with respect to a particular medical opinion, that Plaintiff exhibited two positive Waddell signs. AR 31. Defendant does not argue that this is affirmative evidence of malingering (*see* Dkt. 15 at 11–15) nor does the Court find that it is, *see Wick v. Barnhart*, 173 F. App'x 597, 598–99 (9th Cir. 2006) (unpublished) ("[T]he Waddell test does not by itself constitute 'affirmative evidence' of malingering" and neither does a note of "a high probability of psychiatric symptom exaggeration[.]").

and limiting effects of his symptoms, they are inconsistent because he is not as restricted as he claims." AR 29. The ALJ went on to discuss Plaintiff's activities of daily living. *See id.*

As such, the ALJ did not state he discounted Plaintiff's testimony because of inconsistency with the medical evidence or the sufficiency of treatment. The Court cannot manufacture inconsistencies—even ones that are reasonably inferred from the ALJ's decision—which are not relied on by the ALJ to uphold his determination. *Brown-Hunter v. Colvin*, 804 F.3d 486, 494 (9th Cir. 2015) ("Although the inconsistencies identified by the district court could be reasonable inferences drawn from the ALJ's summary of the evidence, the credibility determination is exclusively the ALJ's to make, and ours only to review. As we have long held, 'We are constrained to *review* the reasons the *ALJ* asserts.'") (quoting *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)) (emphasis in original).[2]

Nevertheless, even if the three reasons proffered by Defendant are to be considered as reasons for discounting Plaintiff's subjective testimony, the Court finds that they were not specific, clear, and convincing reasons for discounting Plaintiff's testimony which were supported by substantial evidence.

First, substantial evidence did not support a finding that Plaintiff's testimony about his back pain was inconsistent with objective medical evidence. An ALJ may discount a claimant's testimony based on inconsistencies with objective medical evidence but, in doing so, must "explain why the medical evidence is *inconsistent* with the claimant's subjective symptom

---

[2] To the extent that the ALJ's statement that Plaintiff was "not as restricted as he claims" was intended to be a general statement that Plaintiff was incredible because the RFC assessed was more restrictive than Plaintiff's subjective testimony suggested, this, too, was error. *See Brown-Hunter*, 804 F.3d at 493 (An ALJ errs "by making only a 'single general statement that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment,' without identifying 'sufficiently specific reasons' for rejecting the testimony.") (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102–03 (9th Cir. 2014)).

testimony" in order "to satisfy the substantial evidence standard." *Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024) (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–38, 1040 (9th Cir. 2007)) (emphasis in original).

The ALJ noted several pieces of objective medical evidence in relation to Plaintiff's subjective symptom testimony, but neither Defendant nor the ALJ discussed how or why that evidence was inconsistent with Plaintiff's subjective symptom testimony about his back pain. *See* AR 28–29; Dkt. 15 at 12–13. As Defendant points out, the ALJ discussed physical examinations which showed Plaintiff had "intact cranial nerves, grossly normal motor strength in the extremities and range of motion, normal gait, negative straight leg raise bilaterally, and grossly intact sensation." Dkt. 15 at 12 (citing AR 28–29). However, without further explanation, the Court cannot discern why these results are inconsistent with Plaintiff's testimony about his back pain, as most of these physical examination results do not appear to pertain to Plaintiff's back. For instance, the ALJ does explaint why Plaintiff could not have had pain in his back while exhibiting normal gait in the context of an examination or while displaying intact sensation during those examinations.

The ALJ also discussed some evidence that Plaintiff displayed only "moderate" and "mild" degenerative abnormalities in his back and spine. *See* AR 28 (citing AR 645, 708–16). At best, this evidence shows that medical evidence does not corroborate the extent to which Plaintiff suggests he experiences back pain. But that is not a valid reason for discounting Plaintiff's subjective testimony—"[a]lthough an ALJ may use '*inconsistent* objective medical evidence in the record to discount subjective symptom testimony,' the ALJ 'cannot effectively render a claimant's subjective symptom testimony superfluous by demanding positive objective medical evidence fully corroborating every allegation within the subjective testimony.'" *Ferguson*, 95

F.4th at 1200 (quoting *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022)) (emphasis in original).

Second, substantial evidence did not support the determination that Plaintiff's pain was resolved through medication. Symptoms that can be controlled "are not disabling." *See Warre v. Comm'r*, 439 F.3d 1001, 1006 (9th Cir. 2006); *see also Wellington v. Berryhill*, 878 F.3d, 867, 876 (9th Cir. 2017). But "some improvement" in a person's symptoms "does not mean that the person's impairments no longer seriously affect her ability to function in a workplace." *See Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001).

Here, the ALJ cited two treatment notes indicating Plaintiff's symptoms were "stable" on pain medication Lyrica. AR 29 (citing AR 744, 894–95). But such notes do not necessarily mean Plaintiff's symptoms improved such that they were no longer disabling. *See Martinez v. Comm'r of Soc. Sec.*, 2021 WL 2915018 at *6 (E.D. Cal. July 12, 2021) ("'[F]airly stable' and 'doing well' are relative terms.") (citation omitted). And the evidence relied on by the ALJ does not support such an inference. For instance, in one of the two treatment notes cited by the ALJ, the provider noted that, although Plaintiff's pain was "stable," he was "not pain-free" and "still ha[d] some days per month when [he] cannot get out of bed." AR 895.

Finally, the ALJ failed to adequately explain why Plaintiff's testimony was inconsistent with his activities of daily living. An ALJ may discount a claimant's testimony based on daily activities that either contradict their testimony or that meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ pointed to the following activities of daily living:

> light housecleaning, going to the grocery store, preparing meals, performing self-care activities such as dressing and bathing, socializing with others, driving, using public transportation, managing his finances, walking several times per day, fishing, going to the beach, attending a concert and going out to dinner with friends, working through the laws

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 6

>of his church to be accepted back into his faith, attending church, working on new business ventures and displaying sufficient concentration and attention to follow television programs and movies, read and play video games, board games and card games[.]

AR 29 (citations omitted). But the ALJ failed to explain how these activities were inconsistent with Plaintiff's testimony (*see id.*), and the Court cannot "reasonabl[y] infer[] that such an inconsistency exists." *Ferguson*, 95 F.4th at 1203. Although Plaintiff testified he was unable to engage in activity during flares of his pain (AR 57–58), this does not mean he was unable to engage in some daily activities when he did not have flares, *see Ferguson*, 95 F.4th at 1203 ("[The claimant] can both do nothing when he has severe headaches and engage in his daily activities when he does not.").

In sum, the ALJ failed to provide specific, clear, and convincing reasons for discounting Plaintiff's testimony about his back pain. Defendant does not dispute that such an error requires reversal, and, thus, the Court reverses and remands for Commissioner to reevaluate Plaintiff's subjective testimony. *See* Dkt. 15; *Ferguson*, 95 F.4th at 1204 ("The Commissioner does not contend that the ALJ's error was harmless. Consequently, we reverse the judgment . . . .").

As the Court has found reversible error in the ALJ's evaluation of Plaintiff's subjective symptom testimony, the Court declines to consider Plaintiff's remaining arguments. Rather, the Court directs the ALJ to reevaluate Plaintiff's subjective testimony; the medical opinions of Drs. Fitterer, Comrie, and Haack; to reassess the RFC as warranted by further consideration of the evidence; and, if appropriate, to reassess his step five finding that Plaintiff could perform work which exists in significant numbers in the national economy.

## IV. CONCLUSION

For the foregoing reasons, the Court finds the ALJ improperly concluded that Plaintiff was not disabled. Accordingly, this matter is **REVERSED** and **REMANDED** to the

Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this order.

Dated this 22nd day of April, 2024.

David W. Christel
Chief United States Magistrate Judge